IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NILKANTH LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-04566-DCN |
| vs. ) | |
| ) | **ORDER** |
| FORTEGRA SPECIALTY INSURANCE and ) | |
| EVANSTON INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following matter is before the court on defendant Fortegra Specialty Insurance's ("Fortegra") motion to set aside default. ECF No. 9. For the reasons set forth below, the court grants the motion and instructs plaintiff Nilkanth LLC's ("Nilkanth") attorney to submit an affidavit of attorney's fees and costs to the court for reimbursement from Fortegra as a lesser sanction.

**I.  BACKGROUND**

This dispute arises out of Nilkanth seeking coverage in connection with an underlying lawsuit (the "underlying suit") filed against it based on the alleged wrongful death of Anthony Merida, a twenty-seven-year-old man who was shot and killed while staying at an Econo Lodge operated by Nilkanth.[1]  ECF No. 1 ¶¶ 16–17; Compl. ¶¶ 5–22.

---

[1] As a note of housekeeping, rather than attaching each of the exhibits as separate attachments (resulting in ECF No. 1-1, ECF No. 1-2), Nilkanth's complaint and its attachments are attached to the notice of removal as one attachment and all items included in that complaint, including its attachments, are noted as ECF 1-1. For clarity's sake, the citation for the complaint in the instant suit is ECF 1-1 at 1–7 ("Compl."). To the extent it is relevant, the complaint from the underlying suit, Estate of Merida v. Nilkanth, LLC, 2022-CP-1001568 (Charleston Cnty. C.P. Apr. 5, 2022), is accessible at ECF 1-1 at 8–13 ("Underlying Complaint"). After the Underlying Complaint are the insurance policies provided to Nilkanth by Fortegra and Evanston. ECF No. 1-1 at 14–

1

Nilkanth alleges it had an active and valid general commercial liability policy in place with a primary policy provided by Fortegra for $1,000,000 and an excess liability policy for up to $4,000,000 provided by Evanston Insurance Company ("Evanston") which together should cover liability in the underlying suit.  Compl. ¶¶ 16–17; ECF No. 1 ¶ 17.  But Evanston and Fortegra have refused to provide Nilkanth coverage.  Id.  This lawsuit followed.

      Nilkanth filed this action in the Charleston County Court of Common Pleas on September 16, 2022, alleging breach of contract, insurance bad faith, and—in addition to seeking actual, consequential, and punitive damages—requesting a declaratory judgment.  ECF No. 1-1.  On September 22, 2022, Nilkanth amended its complaint, now the operative complaint.  At issue is the motion for entry of default made in state court on November 18, 2022, for which Nilkanth sought to enforce against Fortegra and Evanston on December 2, 2022.  ECF No. 1-1 at 280–86.  Nilkanth alleges that the Director of Insurance for the State of South Carolina accepted service of the summons and complaint for Evanston and Fortegra on October 7, 2022, but no answer or other pleading was served or received in response.  Id.  Evanston removed this action to federal court on December 16, 2022, pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  ECF No. 1.  On December 21, 2022, the court entered an order pursuant to Federal Rule of Civil Procedure 55(c) finding that good cause exists to warrant lifting the default entered against Evanston.  ECF No. 7.  The following day, on December 22, 2022, Fortegra filed this motion to set aside default, ECF No. 9, to which Nilkanth responded in opposition on

---

274.  Finally, there are attachments consisting of certified mail, the affidavit and motion for default judgment filed in state court, the entry of default, and the certificates of electronic notification.  ECF No. 1-1 at 275–90.

January 5, 2023, ECF No. 11. Fortegra filed a reply in support of the motion on February 23, 2023, ECF No. 15, and Nilkanth filed a sur-reply on February 24, 2023, ECF No. 16. As such, this matter has been fully briefed and is now ripe for review.

## II.  STANDARD

### A. Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."). The decision to set aside an entry of default is "committed to the sound discretion of the trial court." Lolatchy, 816 F.2d at 954.

The Fourth Circuit has identified several factors that a court should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Est. of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). When considering these factors, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."

3

Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). "Generally, a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

### III.  DISCUSSION

In considering whether to set aside the entry of default against Fortegra, the court applies the Payne factors to determine whether there is good cause under Rule 55(c). See Payne, 439 F.3d at 204–05.  In so doing, the court is mindful of the Fourth Circuit's strong preference that defaults be avoided.  Additionally, the court notes that the finality interests associated with setting aside a default judgment do not apply here because the court has not entered a default judgment.  Colleton Preparatory Acad., 616 F.3d at 420 ("Rule 55(c)'s 'good cause' standard[] is more forgiving of defaulting parties because it does not implicate any interest in finality.").  The court examines each of the six factors in turn, finding there is good cause to set against the entry of default and allow the action against Fortegra to proceed on its merits.

**A. Meritorious Defense**

The first factor is whether the moving party has presented a meritorious defense. Payne, 439 F.3d at 204–05.  "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); Caribbean Indus. Prod., LLC v. Allen Filtration, LLC, 2018 WL 398486, at *3 (D.S.C. Jan. 12, 2018).  "[T]he mere assertion of facts constituting a meritorious defense in a pleading satisfies the requirement of showing a meritorious

4

defense." Blackwood v. Georgetown Hosp. Sys., 2013 WL 1342523, at *1 (D.S.C. Apr. 2, 2013) (internal quotations omitted) (citing Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 253 n.8 (4th Cir. 1974) ("[A] party is not required to establish a meritorious defense by a preponderance of the evidence.")).

Fortegra's proposed answer, ECF No. 9-5, enumerates several defenses to the action. Most notably, Fortegra asserts that it rescinded the policy on November 22, 2021, based on material misrepresentations by Nilkanth. Id. ¶ 7. Consequently, Fortegra argues the policy is null and void ab initio—meaning, it bears no liability for the underlying suit. Id. Specifically, Fortegra asserts that Nilkanth materially misrepresented with intent to deceive when it stated that no crimes had occurred at the insured premises in the three years prior to when Nilkanth signed the application, when in fact numerous crimes occurred or were attempted at the Econo Lodge during the previous three years. ECF No. 9-3 at 10–18. Fortegra provides additional support of this position in the form of newspaper articles detailing crimes at the Econo Lodge, ECF No. 9-3 at 19–23, and through the attachment of the 9-1-1 call logs for that address detailing numerous complaints of prostitution, theft, assault, drugs, and trespassing during the applicable period, ECF No. 9-3 at 26–124. Rather than address the primary defense of policy rescission, Nilkanth focuses on the other defenses included in the answer—statute of limitations, waiver and estoppel, and failure to mitigate—arguing that they are inapplicable to the instant case. ECF No. 11 at 5. Nilkanth's only direct response to the rescission defense is to explain that Fortegra misunderstands the law. Id. Notably, it argues that inferences from the circumstances surrounding the application are not sufficient to establish intent to defraud—rather, that is a question for the jury where the

burden of proof rests upon the insurer to show by clear and convincing evidence not only that the statements were untrue but that the falsity was known to the applicant. Id. at 5–6 (citing Lanham v. Blue Cross & Blue Shield of S.C., Inc., 563 S.E.2d 331, 334 (S.C. 2002)). However, Nilkanth's response on the first factor—emphasizing that Fortegra's assertion would need to be decided by a jury—supports finding that Fortegra may have a meritorious claim. Consequently, the first Payne factor weighs in favor of setting aside default judgment. 439 F.3d at 204–05.

### B. Reasonable Promptness

The second factor asks whether the defaulting party acts with reasonable promptness. Payne, 439 F.3d at 204–05. This factor "must be gauged in light of the facts and circumstances of each occasion" and the weighing of the facts and circumstances is committed to the discretion of the trial judge. United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Fortegra admits that it filed its motion to set aside default seventy-six days after the South Carolina Department of Insurance accepted service on its behalf, and sixty-four days after it received a copy of the filed summons and complaint. ECF No. 9 at 2–3.

While there was certainly delay in filing any responsive pleading after the alleged date of service, courts also look to when the defaulting party responded to the entry of default and opposing party's motion for default judgment. See Prince Payne Enters., Inc. v. Tigua Enters., Inc, 2019 WL 1058089, at *3 (D.S.C. Mar. 6, 2019); Ashmore v. Melvin, 2016 WL 3610609, at *2 (D.S.C. July 6, 2016) ("Although Defendants failed to timely file a response to Plaintiff's Complaint, they did promptly respond to Plaintiff's Motion for Default Judgment."). "District courts in the Fourth Circuit have found that a

defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside." Reg'l Med. Ctr. of Orangeburg v. Salem Servs. Grp., LLC, 2020 WL 1956515, at *3 (D.S.C. Apr. 23, 2020). Fortegra filed its motion to set aside default thirty-four days after the default was entered against it. See ECF No. 9 at 1–3. While there is delay, there is not undue delay such that the court would find that Fortegra did not act with reasonable promptness. Consequently, the court finds that this factor weighs in favor of setting aside default.

### C. Personal Responsibility

The third factor examines the personal responsibility of the defaulting party. Payne, 439 F.3d at 204–05. "[T]o obtain relief from a judgment under Rule 60(b)(1), a party must show the existence of mistake, inadvertence, surprise or excusable neglect as a ground for relief." Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). In Park Corp., the defaulting party offered no explanation for why the complaint and summons disappeared and made no showing that internal procedures were designed to avoid the scenario. Park Corp., 812 F.2d at 897. Upon review, the defaulting party lost the complaint and summons because of mishandling by its employees. Id. The court found that the defaulting party had "failed to offer an acceptable excuse, or any excuse at all, for its failure to respond to [the plaintiff's] complaint." Id. at 896. Three decades later in Colleton Preparatory Academy, the Fourth Circuit again considered this issue but with slightly different facts. 616 F.3d 413. Namely, the defaulting party's registered agent for service of process negligently failed to forward the complaint or to otherwise notify the party of the existence of the lawsuit. Id. at 415. In that case, the Fourth Circuit found that the district court relied too heavily on Park Corp. in denying the defaulting

7

party's motion to vacate the entry of default and in so doing, committed abuse of discretion. Id. at 420. In other words, the facts in Colleton Preparatory Academy required the district court to set aside default judgment. Id.

Fortegra admits that this factor weighs against setting aside the default since the complaint was sent to Fortegra's headquarters by cover letter dated October 19, 2022. ECF No. 9 at 6. Despite accepting responsibility for its failure to respond, Fortegra also mentions that it is possible that the persons within the organization who received the complaint on October 19th saw that national coverage counsel, George Rockas ("Rockas"), [2] had already been retained on the matter and assumed that Nilkanth's counsel also would have served him directly, which Nilkanth did not. Id. The affidavit from Rockas provides that Nilkanth failed to comply with the notice provision included in the insurance policy that would have assured that he and Fortegra would have received notice of the suit. Rockas Aff. ¶ 11.

Nilkanth focuses on this factor saying "Fortegra does not even attempt to show that it had internal controls for the receipt and processing of legal papers," which Nilkanth argues is damning under Park Corp. ECF No. 11 at 7. In response, Fortegra points to its affidavit from Rockas, ECF No. 9-1, and provides another from Barbara Berndt ("Berndt"), ECF No. 15-1, to explain Fortegra's internal actions in reaction to notice of the lawsuit. Berndt's affidavit explains that the corporate registered agent for Fortegra in Arizona forwarded the complaint and summons to Fortegra on or about

---

[2] The court notes that Fortegra's national coverage counsel George Rockas's last name is spelled two different ways throughout Fortegra's motion. See ECF No. 9 at 6 ("Mr. Rokas"); Rockas Aff. ("George Rockas"). The court follows the spelling used in his signed affidavit. Rockas Aff. ¶ 1.

October 19, 2022. Berndt Aff. ¶ 3. Upon receipt of notice of the lawsuit on November 2, 2022, Berndt found local counsel, attorney Roy Shelley, and emailed fellow employee Howard Fishbein to inquire whether to retain him as local counsel, though Fortegra did not retain him at that time. Id. ¶ 6. Berndt thereafter learned of the default judgment on December 8, 2022. Id. ¶ 7.

Altogether, it is unclear how the court should come out on this factor, because while Fortegra's internal policies regarding lawsuits leave something to be desired, Fortegra provided a somewhat greater explanation than that in Park Corp.

### D. Prejudice to Non-Moving Party

The fourth factor examines prejudice to the non-moving party. Payne, 439 F.3d at 204–05. "[D]elay in and of itself does not constitute prejudice to the opposing party," and "no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." Colleton Prep. Academy, 616 F.3d at 418–19 (citation omitted and emphasis in original); see also id. at 419 n.6 ("Entry of default raises no protectable expectation that a default judgment will follow, and a party's belief in the integrity of the system must include, to be reasonable, knowledge that a system of integrity makes exceptions 'for good cause shown.'").

Fortegra claims that setting aside the entry of default will not prejudice Nilkanth because co-defendant Evanston has been relieved of default by consent and Evanston's defenses will wholly encompass the defenses Fortegra seeks to assert. ECFR No. 9 at 6. Consequently, Nilkanth "will face no greater burden meeting Fortegra's defenses than it will meeting those of Evanston." Id. Nilkanth argues that allowing Fortegra to defend

itself in this lawsuit is prejudicial because Nilkanth has continued to incur extensive legal fees to defend itself in the underlying matter as well as another suit that it "ultimately had to settle" because "Fortegra ignored the claim and provided no defense." ECF No. 11 at 9. Nilkanth also argues that it "has been unable to proceed with discovery or trial preparations in this matter because Fortegra elected not to participate for months in this litigation." Id. Further, Nilkanth argues that the sole reason for Evanston's denial is that its policy is allegedly a follow-form excess policy,[3] and it is subject to the same terms, conditions, definitions, and exclusions as the Fortegra policy. Id. But this admittance appears to strengthen Fortegra's claim that there is no prejudice—since Nilkanth must pursue the same claim against Evanston, the additional burden from reinstating Fortegra as a co-defendant appears minimal at best. Additionally, Nilkanth's assertion that it has faced prejudice in the underlying suit and other lawsuits potentially covered by the insurance policies can be readily addressed—if this suit finds in favor of Nilkanth, those are actual and consequential damages that it could potentially recover against Evanston and Fortegra. Finally, both parties agree that discovery has not yet begun which is a factor in favor of finding no prejudice. ECF Nos. 9 at 6; 11 at 9. Thus, the court finds that this factor weighs in favor of setting aside default.

### E. History of Dilatory Action

Failing to timely answer a summons and complaint does not alone establish a history of dilatory action. Morgan v. Wells Fargo Bank, N.A., 2017 WL 11285493, at *4 (D.S.C. Jan. 11, 2017) (Although the defendant failed to timely respond to the complaint,

---

[3] A follow-form excess policy is a secondary insurance policy that provides additional layers of excess insurance to the primary insurance policy in the event of a large claim against the insured.

"this one instance of dilatory conduct does not weigh in [the plaintiff's] favor."); Cousar v. M&R Carriers 1, Inc., 2016 WL 3087008, at *2 (D.S.C. June 2, 2016) ("[T]here is no evidence of previous dilatory action by the [d]efendants, absent failing to answer [the plaintiff]'s summons and complaint."). Moreover, the Fourth Circuit considers whether the dilatory action was on the part of the attorney, rather than the defaulting party. See Lolatchy, 816 F.2d at 953; Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp., 812 F. Supp. 2d 710, 727 (E.D. Va. 2011) ("[I]f the dilatory action is solely the fault of the attorney and the defendant is blameless, the Court will favor setting aside default."). Neither party appropriately addresses this factor, instead focuses on facts irrelevant to the court's consideration.[4] As such, the court finds that this factor weighs in favor of setting aside default since there is no history of Fortegra—at least none before the court—engaging in dilatory action.

### F. Availability of Less Drastic Sanctions

The sixth and final factor is the availability of less drastic sanctions. Payne, 439 F.3d at 204–05. Neither party addresses it, but the court finds that because there are far less drastic sanctions than default available, this factor weighs in favor of setting aside

---

[4] Fortegra argues that the dilatory action that should be considered is Nilkanth's failure to notify the known coverage attorney in the case—Rockas—rather than arguing against any history of Fortegra's failure to respond. ECF No. 9 at 6–12. Fortegra asserts two arguments under this prong: first, Nilkanth's failure to notify Rockas violated the South Carolina Rules of Professional Conduct, S.C. Rules of Pro. Conduct r. 407; and second, courts in other states, when presented with similar facts, have set aside default judgment. Id. at 7–12. In response, Nilkanth seeks to undermine the authority that Fortegra cites and further asserts that nowhere under South Carolina law is it required to notify "an attorney not licensed to practice in [South Carolina] . . . to make an appearance or respond to a pleading—particularly coverage counsel who is now . . . a necessary and indispensable witness in the case." ECF No. 11 at 10. Upon consideration of precedent, the parties' proffered arguments on this prong are irrelevant to the court's consideration.

11

the default. See Cousar, 2016 WL 3087008, at *2; Colleton Preparatory Acad., 616 F.3d at 418 (suggesting that a motion for an award of attorney's fees and costs to a plaintiff in opposing the motion to set aside an entry of default or default judgment could be appropriate); Surf's Up, LLC v. Rahim, 2016 WL 1089393, at *1 (D.S.C. Mar. 21, 2016) ("If any sanction is warranted, it is probably simply requiring Defendants to reimburse Plaintiff for the cost of obtaining the default."); Fidrych v. Marriott Int'l, Inc., 2017 WL 5889204, at *3 (D.S.C. Nov. 29, 2017) ("Although no alternative sanctions have been suggested by the parties, the Fourth Circuit has looked approvingly on an award of attorney's fees and costs to the party opposing the motion to set aside the entry of default."). The court finds that lesser sanctions are appropriate and instructs Nilkanth's attorney to submit an affidavit detailing attorney's fees and costs.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to set aside default.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 2, 2023**
**Charleston, South Carolina**